UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-00212-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Jose Cruz Contreras-Patino, | |
| Defendant. | |

      In 2015, Contreras-Patino pled guilty to a single-count of being a deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Mins. Change of Plea Hr'g, ECF No. 9; Indictment, ECF No. 5. In recommending a prison sentence of 64 months, the probation officer preparing the Presentence Investigation Report recommended increasing Contreras-Patino's base offense level because his prior felony conviction qualified as a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A) (2015). Presentence Report ¶¶ 13–14, 33, ECF No. 12 (sealed). Contreras-Patino did not object to this enhancement or its effect on his sentence calculation. The court sentenced Contreras-Patino to 64 months. ECF No. 24. Contreras-Patino now moves to reduce his sentence on the ground that his prior offense should not have been categorized as trafficking, Mot. to Reduce Sentence, ECF No. 27, and requests that he benefit from participation in the Department of Justice's fast track program, ECF Nos. 26; 40. The government opposes. Mot. to Dismiss, ECF No. 36.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)).  Given that the aim of Contreras-Patino's motions is to reduce the duration of his sentence, it appears the arguments he makes should be brought in an appropriate habeas petition, recognizing the nature of his federal conviction and sentence.

The government asks the court recharacterize the filings as "motions filed pursuant to 28 U.S.C. § 2255" and deny them as barred by "the one-year statute of limitations provided by § 2255(f), and . . . the doctrine of procedural default." Mot. to Dismiss at 1–2.  "[The Ninth] [C]ircuit's case law directs district courts to construe . . . claims challenging the fact or duration of the plaintiff's sentence as a petition for habeas corpus when the complaint evince[s] a clear intention to state a habeas claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1047 (9th Cir. 2016) (citation and marks omitted).  "When the intent to bring a habeas petition is not clear, however, the district court should not convert." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).  "[T]he Supreme Court warned courts to avoid a recharacterization that disadvantaged a petitioner by, for example, subjecting the petitioner to restrictions on second or successive habeas petitions." *Nettles*, 830 F.3d at 936 (citing *Castro v. United States*, 540 U.S. 375, 382–83 (2003)).  The best way to avoid any unintended harm to the incarcerated litigant is to "state that [his] claims must be addressed in a habeas petition, and dismiss the . . . claims without prejudice." *Trimble*, 49 F.3d at 586.  Without addressing the viability of any future petition, that is the course the court elects to follow here.

The court **denies Contreras-Patino's motion to reduce sentence (ECF No. 27) and request for fast-track program placement (ECF Nos. 26, 40), and grants the government's motion to dismiss (ECF No. 36)**.  This order resolves ECF Nos. 26, 27, 36 and 40.

IT IS SO ORDERED.

DATED:  January 26, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE